Teresa ALVAREZ, Plaintiff–Appellant, Cross–Appellee,

v.

SIMMONS MARKET RESEARCH BUREAU, INC. and JWT Group, Inc., Defendants–Appellees, Cross–Appellants.

Nos. 22, 141, Dockets 87–7278, 87–7302.

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1987.

Decided Feb. 18, 1988.

Davis S. Friedberg, New York City, for plaintiff-appellant, cross-appellee.

Lourdes Wan, New York City (Kornstein Veisz & Wexler, New York City, Howard S. Veisz, of counsel), for defendants-appellees, cross-appellants.

Before LUMBARD, OAKES and KEARSE, Circuit Judges.

LUMBARD, Circuit Judge:

Teresa Alvarez appeals from a March 11, 1987, order of the Southern District dis-missing her Title VII action against her former employer, Simmons Market Research Bureau ("Simmons") and JWT Group, Inc. ("JWT"), for failure to prepare her portion of the pretrial order as directed by the court, to cooperate with the defendants in preparing the order, and to seek additional time to prepare such order. Because we find that dismissal of the action was an abuse of the district judge's discretion, we reverse and remand the case for further proceedings. We do not address defendants' cross-appeal from the district court's November 17, 1986, denial of their motion to dismiss because such a denial is not a final order under 28 U.S.C. § 1291.

On July 24, 1985, Alvarez commenced this action against Simmons (which is a wholly-owned subsidiary of JWT), and JWT, alleging pregnancy-based sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 (1982). The Simmons pregnancy disability policy requires employees to return to work within 60 days after delivery, absent any complications. In her complaint, Alvarez alleged that after her pregnancy leave, defendants refused to allow her to return to her former position. She claimed that she was not informed of this policy before taking pregnancy leave nor when she called her employer to inquire about a convenient date to return. The complaint also alleged that Simmons hired someone to replace her prior to the expiration of the 60–day period.

On May 7, 1986, the district court granted defendants' "[m]otion for summary judgment of dismissal for failure to make out [a] *prima facie* case [of discrimination] with leave to file an amended complaint within 10 days." Alvarez filed an amended complaint on May 12, 1986. Defendants again moved to dismiss on May 23, 1986. This motion was denied from the bench on October 31, 1986. In a written opinion, filed on November 18, Judge Motley concluded that Alvarez had adequately alleged a *prima facie* case of sex discrimination.

The pretrial scheduling conference was held on October 31, 1986. The schedule required both parties to submit their pro-

posed pretrial orders by January 30, 1987, and set the trial for March 23, 1987. On January 28, Alvarez sought and received a two-week extension to February 13 for filing her portion of the proposed pretrial order. The conference set for January 30 was moved to March 6. When February 13 came there was no word from Alvarez.

Although Judge Motley had specifically told both attorneys that requests for extensions could be made informally by letter, but not by telephone, Alvarez' attorney telephoned the judge's chambers and asked for an extension on March 3, 1987. The law clerk with whom he spoke explained that he should have applied earlier for an order extending his time and asked if the defendants had agreed to such an extension. On March 3, when Alvarez' attorney asked defendants' counsel to agree to an extension, counsel refused.

Plaintiff's attorney appeared at the March 6 conference without her portion of the proposed pretrial order and without an explanation for the failure to prepare it. At that time, Alvarez petitioned the court for an extension until Wednesday, March 11. In response, Judge Motley dismissed her action for failing "to prepare her portion of the pretrial order, cooperate with defendants in preparing such order, and failing to seek additional time to prepare such order." Plaintiff filed notice of appeal on April 3, 1987.

By letter dated April 3, Alvarez asked the district court to reconsider the decision to dismiss. This letter pointed out that Alvarez had vigorously pursued her case since its inception, and detailed the time spent on the case by her lawyer between October 31, 1986 (when the original pretrial schedule was set) and the date of dismissal. The letter indicated that during this time, her lawyer spent approximately 9.5 hours on the case, the bulk of which was taken up with depositions in December. None of this time was devoted to the preparation of the pretrial order. The letter went on to explain that her lawyer was unable to prepare the pretrial order for the same reasons that he had been unable to meet the January 30 deadline—he was a sole practi-

tioner and was overwhelmed with appearances for other clients. Judge Motley declined to act on plaintiff's motion for reconsideration because the district court was without jurisdiction since the appeal had already been docketed.

■ Dismissal pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court is a matter committed to the discretion of the district court. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983). We have noted that dismissal is "a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir.1972) (per curiam).

When reviewing a district court's decision to dismiss an action under Rule 41(b), we "assess the dismissal in light of the record as a whole" and consider the following factors: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has 'take[n] care to "strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard...."', and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Harding v. Federal Reserve, supra,* 707 F.2d at 50 (quoting *Merker v. Rice,* 649 F.2d 171, 174 (2d Cir.1981)).

■ We conclude that dismissal of the complaint was an abuse of discretion; under all the circumstances such a sanction was unnecessarily drastic. Throughout the nearly year and a half of litigation preceding her request for an extension in January 1987, Alvarez had timely complied with all requests of the court and the defendants. Thus, her failure to file her portion of the proposed pretrial order as directed on February 13 or to seek an extension to file the order at a later date, marked the first instance of delay attributable to the plaintiff. The district court gave no warning that missing the February 13 deadline and

failing to seek an extension before March 6 would result in such drastic action as dismissal. Nor does it appear that Judge Motley gave any consideration to the "efficacy of lesser sanctions."

The defendants contend that they would have been prejudiced by having to proceed to trial without "advance notice of what witnesses ... and exhibits plaintiff planned to present." They also argue that, had the district court granted the extension, the March 23 trial date would have had to have been abandoned. Neither of these claims is supported by the record. The requested five-day extension would not necessarily have required postponement of the trial. Similarly, it was never suggested that defendants proceed to trial without plaintiff's portion of the proposed pretrial order which presumably would have included notice of the witnesses on whom plaintiff might rely. Defendants would merely have received the order somewhat later than anticipated. In any event, there is no reason to believe that the defendants would have been prejudiced by the delay of a few more days.

Reversed and remanded for further proceedings.