Morris **SCHWARTZ**, Betty Schwartz and Ralph L. Schwartz, Plaintiffs,

v.

**F.S. & O. ASSOCIATES, INC.**, Estate of Norman Young, Lenore Young, and Adrienne Young (a/k/a Adrienne Bloomfield), Bonnie Young and Bruce Wiacek, Defendants.

No. 90 Civ 1606 (VLB).

United States District Court, S.D. New York.

Sept. 2, 1994.

Irwin E. Simenowitz, Garden City, NY, for Morris Schwartz, Betty Schwartz and Ralph L. Schwartz.

Jared J. Scharf, White Plains, NY, Sean E. Stanton, New York City, for defendants.

John J. Reilly, Claire Saady, Haight, Gardner, Poor & Havens, New York City, for Harper.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

#### I

This lawsuit (the "*Schwartz* case") brought by members of the Schwartz family is one of two cases alleging investment fraud against common defendants but brought by different plaintiffs. See *Harper v. F.S. & O. Associates, et al.*, 90 Civ. 3979 (VLB), 1993 WL 61841 (S.D.N.Y.1993) (the "*Harper* case"). The cases were consolidated for certain pretrial management purposes but not for trial.[1] *Harper* is scheduled for trial in the fall of 1994.

Defendants in the *Schwartz* case now move pursuant to Fed.R.Civ.P. 41(b) to dismiss the first amended complaint for failure to prosecute. The defendant's unopposed motion is

1. The parties in the *Harper* case have consented under 28 U.S.C. § 636(c)(1) to trial before United States Magistrate Judge Mark D. Fox.

granted and the case is dismissed without prejudice.

## II

The complaint in this case was filed on March 8, 1990. After completion of extensive and prolonged discovery under the supervision of United States Magistrate Judge James C. Francis IV and settlement discussions that failed to resolve the case, Judge Francis set a date for submission of the pretrial order which was extended numerous times at plaintiffs' request prior to plaintiffs' latest application, dated October 13, 1993. Judge Francis noted in his endorsement on that application dated October 18, 1993 that plaintiffs' delay was "becoming excessive. Accordingly, a *final* adjournment of the pretrial order deadline is granted until November 19, 1993." (emphasis in original) The *Schwartz* plaintiffs sought these extensions on the grounds that Morris Schwartz died in March 1993. The court has been informed that plaintiff Betty Schwartz has since died.

In March 1994, after the *Harper* parties consented to trial before United States Magistrate Judge Mark D. Fox, the *Schwartz* case was referred to Judge Fox for completion of all pretrial matters.[2] On April 8, 1994, pursuant to a briefing schedule set at a conference before Judge Fox, defendants filed this motion to dismiss under Fed. R.Civ.P. 41(b) with an affidavit of service. Plaintiffs failed to respond and/or cross-move by April 22, 1994. Plaintiff's counsel of record appeared at a settlement conference held before Judge Fox on June 15, 1994 and was advised that, if, as he indicated at that time, he wished to move to withdraw, he should do so immediately. Neither such motion nor any other communication from plaintiffs or those representing them in any capacity or from their counsel of record in this litigation has been received.

## III

Fed.R.Civ.P. 41(b), which authorizes the court within its discretion to dismiss a case involuntarily, provides:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper revenue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Dismissal of this case without prejudice under Fed.R.Civ.P. 41(b) for failure to prosecute is appropriate under the factors set forth in *Jackson v. City of New York*, 22 F.3d 71, 74–75 (2d Cir.1994) and the cases cited therein. Here, plaintiffs in a four-year-old case have failed to comply with the order of Magistrate Judge Francis dated October 18, 1993 despite numerous prior extensions of the pretrial order deadline or to respond to this motion despite multiple opportunities to do so and notice of risk of dismissal otherwise. Compare *Jackson*, 22 F.3d at 75, and *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988) (noting, among other things, inadequate notice of risk of dismissal). In addition, the default of plaintiffs' counsel on this motion per Judge Fox's order represents further delay.

## III

An additional consideration in this case is that defendants, as well as the *Harper* plaintiff, may be prejudiced by further delay in ability to have access to assets of defendants placed in escrow by order of this court in connection with both the *Schwartz* and *Harper* cases.

By consent order filed March 16, 1990, shortly after this lawsuit (*Schwartz*) was initiated, an escrow fund ("escrow fund") consisting of certain assets of the defendants was created to ensure availability of funds to recompense victims of the alleged fraud if liability were established, and for proper claims for reasonable legal fees of various parties. The availability of the escrow fund to the *Harper* claimants and attorneys for these purposes was upheld by memorandum

---

**2.** The *Schwartz* parties have not consented to     trial before Judge Fox.

order dated April 14, 1993, reported at 1993 WL 120383, 1993 US Dist LEXIS 4967 (S.D.N.Y.1993).

While the effect of the ruling in this memorandum order will be to remove any potential claims to those assets by the *Schwartz* plaintiffs, any application by defense counsel for reasonable attorney's fees in this case may be considered after resolution of *Harper* to enable the court to evaluate all claims to those assets concurrently.

**SO ORDERED.**