José **COLON**, Plaintiff–Appellant,

v.

Correction Officer D. **MACK**, Correction Officer M. Pullen, Correction Officer C. Miller, Correction Officer M. Rhynders, Correction Sergeant "John" Juchnewicz, all in their individual and representative capacities, Defendants–Appellees.

No. 767, Docket 94–2335.

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1995.

Decided May 25, 1995.

Loren I. Glassman, White Plains, NY, for plaintiff-appellant.

Ronald P. Younkins, Asst. Atty. Gen., New York City (G. Oliver Koppell, Atty. Gen., Robert F. Bacigalupi, Asst. Atty. Gen., on the brief), for defendants-appellees.

Before: NEWMAN, Chief Judge, VAN GRAAFEILAND and COFFIN,* Circuit Judges.

JON O. NEWMAN, Chief Judge:

This is an appeal from a dismissal for failure to prosecute entered after plaintiff Jose Colon, a New York state prisoner, failed to appear in court on the date scheduled for jury selection in his section 1983 action against five prison guards. After reviewing an affidavit from Colon explaining his default, the District Judge, finding the proffered excuse to be inherently implausible and contradicted by contemporaneous prison records, dismissed Colon's suit pursuant to Fed. R.Civ.P. 41(b). On appeal from the May 18, 1994, judgment of the District Court for the Southern District of New York (Charles L. Brieant, Judge), Colon argues that the severe sanction of dismissal was inappropriate under the facts of this case. We agree.

## Background

On April 23, 1993, Colon filed a complaint in the District Court pursuant to 42 U.S.C. §§ 1983, 1988 (1988), alleging that five correction officers had violently battered him while he was an inmate at New York's Green Haven Correctional Facility. Discovery in the case proceeded smoothly, and jury selection was scheduled for April 5, 1994, with the trial date still to be set for sometime later in April. Colon had by that time been transferred to New York's Elmira Correctional Facility ("Elmira"), and Judge Brieant issued a writ of habeas corpus to the state Department of Correctional Services for his production on April 5. Only jury selection was scheduled for April 5, with the presentation of evidence to occur at a subsequent date.

When counsel for plaintiff and defendants appeared for jury selection on the morning of April 5, they were told by Judge Brieant that he had received a telephone call earlier that day from Elmira informing him that Colon had refused to leave his cell to go to court. Plaintiff's counsel was permitted, with defense counsel present, to telephone Elmira and speak to Colon through an interpreter. Colon told his attorney that he had been awakened at 4:00 a.m. by a correction officer and informed that he was to go to the hospital; not being sick, he had refused to go. Counsel relayed the substance of the telephone conversation to the District Judge. Judge Brieant then entered an order conditionally dismissing the case, subject to plaintiff's providing an adequate explanation for his failure to appear.

Colon submitted an affidavit reiterating the account he had given his attorney. Colon, who avers that he speaks almost no English, states that he was awakened by a night-shift guard at 4:00 a.m. on April 5 and told to prepare to go to the hospital. He initially complied with the guard's orders, but then asked to be returned to his cell because there was no reason for him to go to the hospital and the guard would not tell him why he was being taken there. He was returned to his cell. Around 8:30 a.m., he inquired of a day-shift guard why he had been awakened to go to the hospital. Only then did he learn that he was actually supposed to go to court. Colon emphasized that he had not previously been informed that he was to go to court on April 5. Although his attorney had apparently mailed a letter to Elmira notifying him of the upcoming date, he never received such a letter.

Two Elmira correction officers submitted affidavits partially contradicting Colon's account. Herbert Wolfe's affidavit states that he woke Colon between 3:00 and 3:15 a.m. and told him to get ready to go to court. Harold Root's affidavit states that when he came to Colon's cell around 4:00 a.m., Colon

---

* The Honorable Frank M. Coffin of the United States Court of Appeals for the First Circuit, sitting by designation.

was already awake, presumably because Wolfe had roused him. Colon asked Root where he was being taken, and Root informed him that he was being escorted to a scheduled federal court appearance. Root then took Colon to a changing and shower room, but after initially cooperating, Colon refused to proceed further, despite orders to do so, and demanded to be returned to his cell. Because of Colon's alleged history of assaultive behavior, Root decided to return him to his cell. This account is corroborated by contemporaneous reports filed by Root. Root also contends that his communications with Colon were not impeded by linguistic difficulties. Finally, Root states that before April 5, Colon had refused to be fitted for civilian clothes. Although Root's affidavit explains that the purpose of the fitting was to prepare Colon for court, there is no indication that Colon himself was ever informed of that purpose.[1]

Upon reviewing the affidavits, the District Judge rejected Colon's account as "contradicted by regularly maintained contemporaneous records" from Elmira and as "inherently implausible." Colon's action was therefore dismissed for "neglect to prosecute, reflected by a refusal to come to Court." This appeal followed.

### Discussion

Involuntary dismissal for a plaintiff's failure to prosecute is a matter committed to the discretion of the trial court by Rule 41(b) of the Federal Rules of Civil Procedure. *See Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir.1993). However, " 'dismissal is "a harsh remedy to be utilized only in extreme situations." ' " *Jackson v. City of New York,* 22 F.3d 71, 75 (2d Cir. 1994) (quoting *Harding v. Federal Reserve Bank of New York,* 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir. 1972))); *see also Peart,* 992 F.2d at 461. In this case, we conclude that the trial judge dismissed the case too precipitously by assuming, without a hearing, that Colon's

sworn explanation was not believable and by not considering the lesser remedy of selecting a jury in Colon's absence and thereafter proceeding with the trial.

As to Colon's sworn explanation, even if, as the guards allege, they told him at 3 a.m. on April 5 that he was to go to court that day, Colon's version cannot be dismissed out of hand as "implausible" in light of his averment that he had not received prior notice of a court date, the guards communicated in English, which Colon did not understand, and the conversation occurred in the middle of the night.

Though in some circumstances, the proper course would be to now require a hearing at which the trial court could definitively resolve factual disputes on the basis of credibility findings, such a hearing is not needed here because it is so clear that the court had available the lesser remedy of proceeding with jury selection in Colon's absence. *See Bishop v. Cross,* 790 F.2d 38, 39 (6th Cir. 1986) (finding abuse of discretion in dismissal when plaintiffs failed to appear for voir dire but their counsel was present, because there was no clear legal basis for requiring presence of plaintiffs). We have previously noted that consideration of lesser sanctions is one of the factors that should inform a trial court's determination to dismiss under Rule 41(b). *See Jackson,* 22 F.3d at 74; *Nita v. Connecticut Department of Environmental Protection,* 16 F.3d 482, 485 (2d Cir.1994); *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932–33 (2d Cir. 1988).

In sum, this is not one of those "rare occasions," *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 668 (2d Cir.1980), when the "drastic remedy," *Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981), of dismissal was warranted. Accordingly, we reverse and remand for further proceedings.

---

1. Two other Elmira employees submitted affidavits corroborating aspects of Root's account. Correction officer Charles Ajamian confirms that Colon had previously refused to be fitted for civilian clothes. Keyboard specialist Barbara Mold confirms that Root had filed a report describing Colon's refusal to leave his cell on April 5, and that she accordingly notified the District Court of these events by telephone later that morning.