**Jorge MONGE, Plaintiff,**

v.

**Deputy Superintendent of Security O'CONNOR, Defendant.**

**No. 95–CV–0098A.**

United States District Court, W.D. New York.

Feb. 3, 1997.

---

Jorge Monge, Attica, NY, pro se.

Mary C. Baumgarten, Asst. Atty. Gen., Buffalo, NY, for defendant.

### ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1)(B). On January 14, 1997, Magistrate Judge Heckman filed a Report and Recommendation recommending that this case be dismissed with prejudice for failure to prosecute, pursuant to Fed. R.Civ.P. 41(b) and Local Rule 41.2(b).

The Court having carefully reviewed the Report and Recommendation, the record in this case, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, the case is dismissed with prejudice for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Local Rule 41.2(b).

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This case was referred to the undersigned by Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report on dispositive motions. Plaintiff claims that he suffered emotional harm as a result of serving 83 days in the Special Housing Unit of the Collins Correctional Facility as part of a penalty imposed after a hearing on disciplinary charges.

On February 15, 1996, this court issued an order scheduling a preliminary pretrial telephone conference (Item 9). On March 29, 1996, after conducting a pretrial telephone conference with plaintiff (through an interpreter) and defendant's counsel, the court issued a scheduling order directing defendant to file a summary judgment on or before June 3, 1996, and directing plaintiff to respond on or before August 1, 1996 (Item 10). On May 29, 1996, in accordance with the court's directions, defendant filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Items 11–16). In her notice of motion, defendant advised plaintiff that his failure to respond to the summary judgment motion could result in the dismissal of his case (Item 11).

Plaintiff did not respond to defendants' summary judgment motion. Accordingly, on November 14, 1996, this court issued an order pursuant to Rule 41.2(a) of the Local Rules of Civil Procedure for the Western District of New York directing plaintiff to show cause by affidavit why this case should not be dismissed for failure to prosecute (Item 17). Plaintiff was warned that failure to respond to the court's order would result in dismissal of the case with prejudice. Plaintiff did not respond to the order to show cause.

Dismissal of a case for failure to prosecute is authorized by Rule 41(b) of the Federal Rules of Civil Procedure, which provides that the district court may dismiss an action when

the plaintiff fails to comply with the Federal Rules or any order of the court. Fed. R.Civ.P. 41(b); *see Lucas v. Miles,* 84 F.3d 532, 534–35 (2d Cir.1996). Involuntary dismissal under this Rule "is a harsh sanction and is appropriate only in extreme situations." *Lucas, supra* at 535 (citing *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988)). The Second Circuit has further cautioned that district courts "be especially hesitant to dismiss for procedural deficiencies where ... the failure is by a pro se litigant." *Id.* (citing *Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993)).

The factors to be considered in determining whether a *pro se* litigant's case should be dismissed under Rule 41(b) for procedural deficiency are outlined in *Lucas v. Miles* as follows:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles, supra* (citing *Jackson v. City of New York,* 22 F.3d 71, 74–76 (2d Cir.1994), and *Alvarez, supra,* 839 F.2d at 932).

In this case, the duration of plaintiff's failure to comply with the court's order, measured from the August 1, 1996 date for response to defendant's summary judgment motion, is over 5 months. Plaintiff was clearly put on notice by defendant's summary judgment papers, filed with the court on May 29, 1996, that failure to respond to the motion could result in the dismissal of his case (*see* Item 11), and was further advised of this possibility in the court's February 15, 1996 and November 14, 1996 orders. Further delay in the proceedings of this case will likely cause prejudice not only to defendant and her counsel, but also to this court's ability to manage its docket. This likelihood of prejudice outweighs plaintiff's interest in receiving a fair chance to be heard on the merits of his claim, based on the record presented by way of defendant's summary judgment motion. Finally, the court has considered the full range of remedies, and finds that the circumstances of the plaintiff's procedural deficiencies in this case are "sufficiently extreme" to warrant dismissal for failure to prosecute. *Lucas, supra.*

Accordingly, it is recommended that this case be dismissed with prejudice for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b) and Local Rule 41.2(b).

Dated: January 13, 1997.