James A. SCHWED, and George H. McMaster, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

**GENERAL ELECTRIC COMPANY,**
Defendant.

No. 94–CV–1308.

United States District Court,
N.D. New York.

May 24, 2000.

Harder, Silberg & Bergan (George W. Harder, of counsel), Albany, NY, for plaintiffs.

Kenneth R. Witkins, Scotia, NY, plaintiff pro se.

John R. Couillard, Lebanon, MO, plaintiff pro se.

Nixon Peabody, LLP (Margaret A. Clemens, of counsel), Rochester, NY, for defendant.

## ORDER

MORDUE, District Judge.

Presently before the Court is a motion by the defendant, General Electric Company, to dismiss the claims of *pro se* plaintiffs, Kenneth R. Witkins and John R. Couillard and class plaintiffs Douglas DeRidder and Charles A. Volans.[1] Defendant makes its motion pursuant to Federal Rules of Civil Procedure 37 and 41(b) and Local Rule 41.2(a) alleging that dismissal is warranted because these plaintiffs have failed to cooperate with defendant's discovery demands and have failed to prosecute their claims. Opposition papers have not been submitted by either *pro se* plaintiff or by or on behalf of the two class plaintiffs.

### Plaintiffs' Failure to Comply With Scheduling Order; Discovery Cooperation

Defendant served discovery requests on plaintiff Witkins and Couillard on August 27, 1998. These requests consisted of defendants first set of interrogatories, first request for production of documents, notice to take depositions and hospital and medical authorizations. These requests were again served on plaintiff Couillard at a new address on October 6, 1998. On October 7, 1998 defendant again served the foregoing discovery requests on plaintiff Witkins and notified him that failure to respond may subject him to sanctions including dismissal of his claims. On March 10, 1999, defendant again requested that Witkins and Couillard respond to the outstanding discovery requests. Defendant again indicated that failure to cooperate may

result in sanctions, including the possibility of dismissal of plaintiffs' claims.

Class plaintiffs were also notified of their failure to respond to discovery requests through Attorney Harder. Notice of intent to dismiss these plaintiffs claims was provided to Attorney Harder by telephone, the substance of which was subsequently memorialized in letters dated October 13, 1999, and September 29, 1999.

To date, none of the aforementioned plaintiffs have responded to defendant's discovery requests or otherwise prosecuted their claims in any fashion.

Then Magistrate Judge Hurd's most recent Order dated February 26, 1999, provides that all non-expert depositions were to be concluded by December 1, 1999, and that [t]here shall be no further extensions of the above dates. As a result of plaintiff's complete failure to obey the Scheduling Order and cooperate in the discovery process, this deadline has passed leaving defendant unable to prepare a proper defense.

With the foregoing in mind, the Court proceeds to consider Federal Rule of Civil Procedure 16 as well as the relief requested by defendant pursuant to Rule 37.

Rule 16(f) provides, in pertinent part that:

If a party or a party's attorney fails to obey a scheduling or pretrial order ... or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with respect thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

The relief sought by defendant is contained in Rule 37(b)(2)(C) which provides, in pertinent part, that the judge may make "[a]n order ... dismissing an action or proceeding or any part thereof...." As such, the foregoing rules clearly contemplate sanctioning a party who fails to cooperate in discovery or otherwise obey a scheduling order.

---

1. Defendant's motion also sought dismissal of the claims of plaintiff, Thomas A. Beblowski. However, pursuant to defendant's letter of December 3, 1999, the motion has been withdrawn with respect to this plaintiff on the grounds that he has recently responded to discovery requests.

Because plaintiffs have failed to obey the Scheduling Order and discovery requests, plaintiffs' actions are dismissed pursuant to Rules 16 and 37.

## II *Plaintiffs' Failure to Prosecute*

■ The Court must evaluate the following factors when considering a defendant's motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b):[2] (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether a balance has been stricken between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether less drastic sanctions are available. *Dodson v. Runyon*, 86 F.3d 37 (2nd Cir.1996); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930 (2nd Cir.1988). No one factor is dispositive. *Dodson*, 86 F.3d at 40 citing *Nita v. Connecticut Dep't. of Envtl. Protection*, 16 F.3d 482, 485 (2nd Cir.1994). The Court considers the foregoing factors *seriatim*.

■ In support of their position that the claims at issue be dismissed for failure to prosecute, defendant argues that none of the individual plaintiffs have done "[anything] to further their case since they joined this action more than four years ago." (Defendant's Memo. P. 7.) A review of the record supports defendant's averment. The Court notes that, in addition to being an independent and adequate basis to grant defendant's motion, plaintiffs' failure to serve or file opposition papers is also evidence of their failure to diligently prosecute their claims.[3]

Plaintiffs' failure to cooperate with discovery requests is similarly an independent and adequate ground for dismissal, as well as evidence of failure to prosecute. As such, plaintiffs' delinquence has manifested itself in many forms and has taken place over a duration sufficient to warrant dismissal of their claims.

Plaintiffs have received adequate notice that continued delinquence would result in dismissal. Defendant's papers demonstrate that plaintiffs have ignored discovery requests and have been advised of the consequences of their failure to respond to these requests. Defendant's papers also establish that class plaintiffs repeatedly ignored their own attorney's attempts to involve them in discovery. Based on the foregoing, plaintiffs were provided with every opportunity to participate in the suit and were properly advised of the consequences of their failure to do so.

The Court also finds persuasive defendant's argument that it will be prejudiced by further delay. To date, defendant has already been forced to expend time and expense in trying to compel plaintiffs to participate in necessary discovery through the aforementioned warnings and through the present motion. Furthermore, and as discussed previously, the deadline for completion of discovery has passed. The excessive duration of plaintiffs' failures has led to the passage of the discovery deadline, thereby inhibiting defendant's ability to fully prepare its defense. Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.

---

**2.** Rule 41(b) provides, in pertinent part. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

**3.** Local Rule 7.1(b)(2) states that "[o]pposing papers must be filed with the court and served upon the other parties not less than **FOURTEEN CALENDAR DAYS** prior to the return date of the motion." In the event that no opposition papers are filed and served, Local Rule 7.1(b)(3) comes into effect and provides that such "[f]ailure to file or serve any papers as required by this Rule shall be deemed by the court as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."

In addition to the foregoing, Attorney Harder states, in a letter faxed to the Court the day before this motion was scheduled for argument, that "Couillard, Volans and Witkins advised me that they were not interested in continuing as plaintiffs." The Court notes that, of the plaintiffs referenced in his letter, Attorney Harder only represents plaintiff Volens. As such, the Court considers Attorney Harder's representation as conclusive only with respect to Mr. Volens.

After analyzing the circumstances leading to the present motion, the record, the law, defendants motion papers and hypothetical arguments raised by the Court on behalf of the plaintiffs, the Court concludes that a proper balance has been struck between the due process rights of the individual plaintiffs, the defendant's right to adequately prepare for the actions filed against it and the need of the Court to alleviate an increasingly over-burdened calendar.

With respect to plaintiffs Witkins, Couillard and Volans, the Court finds no alternative sanction which would accomplish the needs of both the Court and the defendants other than dismissal.[4] However, with respect to plaintiff DeRidder, the Court concludes that a less drastic sanction is in order. Attorney Harder has requested that he be permitted to confirm DeRidder's "interest in continuing as a plaintiff." As such, Attorney Harder requests a conditional dismissal of DeRidder's claim in the event that no response is tendered. The Court concludes that a conditional dismissal accommodates the due process rights of plaintiff DeRidder and the Court's interest in alleviating calendar congestion without unduly prejudicing defendant. As such, it is ordered that DeRidder's action will be dismissed if he fails to respond to defendant's discovery requests on or before June 23, 2000.

Accordingly, it is hereby

ORDERED that defendant's motion is GRANTED with respect to plaintiffs Witkins, Couillard and Volans, and it is further

ORDERED that defendant's motion will be GRANTED with respect to plaintiff DeRidder if he should fail to respond to defendant's discovery requests on or before June 23, 2000.

IT IS SO ORDERED.

---

4. The Court has considered many alternatives including, but not limited to, those discussed by the *Dodson* Court and the decisions cited therein.

*Dodson*, 86 F.3d 37 (citing *Shea v. Donohoe Construction Co., Inc.*, 795 F.2d 1071 (D.C.Cir. 1986)).