In re: Ortansa MICHAELESCO,
Ortansa Michaelesco, Debtor–
Appellant,

v.

Emc Mortgage, Creditor–Appellee,

Robert Carr, as Exec. for Est. of Bernice
P. Richard, Joelle Shefts, as Exec. for
Est. of Bernice P. Richard, Defen-
dants–Appellees,

Molly T. Whiton, Barbara H.
Katz, IRS, Interested–
Party–Appellees,

US Trustee, Trustee.

No. 05–1309–BK.

United States Court of Appeals,
Second Circuit.

Nov. 10, 2005.

Ortansa Michaelesco, Fairfield, Connect-
icut (on submission), for Debtor–Appellant,
pro se.

John P. Fahey, The Witherspoon Law
Offices, Farmington, Connecticut, for
Creditor–Appellee.

present: CARDAMONE,
McLAUGHLIN, and B.D. PARKER,
Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION
WHEREOF, IT IS HEREBY OR-
DERED, ADJUDGED AND DECREED**
that the judgment of the District Court be
and it hereby is **AFFIRMED.**

Ortansa Michaelesco, *pro se,* appeals
from a district court's judgment dismiss-
ing, pursuant to Federal Rule of Civil Pro-
cedure 41(b), for failure to file a brief, this

consolidated appeal from a decision of the United States Bankruptcy Court for the District of Connecticut. We assume the parties' familiarity with the factual and procedural history.

The Federal Rules of Civil Procedure authorize a district court to dismiss an action when a plaintiff fails to comply with "any order of [the] court." Fed.R.Civ.P. 41(b). Such dismissals are reviewed for abuse of discretion in light of the entire record. *See Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988). This Court is especially hesitant to affirm a dismissal for procedural deficiencies in the case of a *pro se* litigant. *See Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998).

This Court has detailed specific factors for the district court to consider in dismissing an action pursuant to Rule 41(b), so that deference is afforded a district court's decision only when the circumstances surrounding the *pro se'*s actions are "sufficiently extreme." *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). Specifically, a district court must consider:

> ■ the duration of the plaintiff's failures, ■ whether plaintiff had received notice that further delays would result in dismissal, ■ whether the defendant is likely to be prejudiced by further delay, ■ whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and ■ whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez,* 839 F.2d at 932 (internal quotation marks and alterations omitted).

For a number of reasons, we conclude the district court acted within its discretion in dismissing the appeal. Federal Rule of Bankruptcy Procedure 8009(a)(1) required appellant to file her brief by September 25, 2004. The district court granted appellant no fewer than three motions for extensions of time, ultimately requiring her to file by December 13, 2004. On February 9, 2005, more than four months after the original filing deadline, with still no brief in hand, the district court dismissed the appeal. Considering appellant's previous history of tardiness and the repeated refusals to comply with the court's orders, the duration of appellant's delay was sufficient to warrant dismissal.[1]

In granting appellant's second motion for an extension of time, the district court warned that further extensions would be viewed with disfavor and were not likely to be granted. Later, after appellant ignored the warning and filed for another extension, the court, in granting an additional extension, cautioned that "[n]o further extensions will be granted." Thereafter, appellant did not file her brief, but instead moved a fourth time for an extension, which was subsequently denied.

This court has noted that "[p]rejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 256 (2d Cir.2004). "In cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.* (internal quotations marks omitted). The creditors and other interested parties involved in these proceedings have been forced to endure repeated bankruptcy filings, protracted litigation, and numerous appeals. Appellant claims that she has

---

1. Appellant had previously made two other chapter 13 filings, both of which were subsequently dismissed for failure to have a plan confirmed.

been overwhelmed by the ongoing proceedings in various state and federal courts, but has not been able to point to any specific occasion for her delay beyond the protracted litigation that she herself caused.

We have considered appellant's other contentions and find them to be without merit. The judgment of the District Court is hereby AFFIRMED. The mandate shall issue forthwith.