11-3604-cv
*Ampudia v. Lloyd et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand and thirteen.

PRESENT:

ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
    *Circuit Judges*.
RICHARD W. GOLDBERG,*
    *Judge*.

_____

ALEXIS AMPUDIA,

    *Plaintiff-Appellant*,

  -v.-            No. 11-3604-cv

LAWRENCE LLOYD, ANDREW SHORE, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT,

    *Defendants-Appellees*,

ROBERT MORGENTHAU, JEREMY SOLAND,
    *Defendants*.

_____

_____

  *The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

1

ALEXIS AMPUDIA, *pro se.*

PAMELA SEIDER DOLGOW, LISA M. RICHARDSON, ELLEN RAVITCH, *for* MICHAEL A. CARDOZA, Corporation Counsel of the City of New York, *for Defendants-Appellees Lawrence Lloyd, Andrew Shore, City of New York, and New York Police Department.*

Megan Lee, James M. Begley, New York, New York, *for Defendant-Appellee Port Authority of New York and New Jersey.*

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-Appellant Alexis Ampudia ("Ampudia"), appearing *pro se*, brought suit pursuant to 42 U.S.C. §1983, alleging that Defendants-Appellees violated his rights secured by the Fourth, Sixth, Eighth and Fourteenth Amendments. He now appeals from a decision and order of the United States District Court for the Southern District of New York (Cote, *J.*) dismissing his complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

\* \* \*

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint if the plaintiff fails to prosecute or comply with a court order. We review a district court's decision to dismiss a case pursuant to Rule 41(b) for abuse of discretion. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). While abuse of discretion review is generally deferential, "district

2

courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). A district court's discretion to dismiss a case under Rule 41(b) is cabined by a set of five factors that we consider in reviewing the decision to dismiss. *LeSane*, 239 F.3d at 209. Those factors are:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (alterations in original) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). We consider the record as a whole, and no single factor is dispositive. A district court need not discuss each factor on the record, but "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the court's reasoning." *Lucas*, 84 F.3d at 535. Here, the district court discussed the first four factors, but did not specifically address the efficacy of lesser sanctions.

Upon reviewing the five factors, we conclude that the district court did not abuse its discretion in dismissing Ampudia's case for failure to prosecute. Ampudia skipped a scheduled deposition on June 28, 2011 without giving notice, and subsequently stormed out of a re-scheduled deposition on July 20, 2011 after only five minutes of preliminary questions, despite a court order instructing him to appear and multiple reminders at the deposition that he was under a court order to complete the deposition. As a result of these dilatory tactics, Defendants-Appellees were unable to achieve any meaningful discovery from March 2, 2011, when the district set a timetable for summary judgment motions, through July 29, 2011, when the district court dismissed the case—a delay of several months. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)

3

(noting dismissal may be warranted where a "pattern of dilatory tactics" lasts several months). Moreover, we have repeatedly noted that dismissals following unheeded warnings generally do not constitute an abuse of discretion. *See LeSane*, 239 F.3d at 210; *Lucas*, 84 F.3d at 535. Nothing in the record suggests we should depart from this rule here, where the district court explicitly provided Ampudia with notice that his claims would be dismissed if he did not appear for his re-scheduled deposition.

The final three factors also support dismissal of Ampudia's claims. First, though prejudice can be presumed as a matter of law where the delay is "lengthy and inexcusable," *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 256 (2d Cir. 2004), we need not invoke that presumption here because Ampudia's delay both prevented defendants from investigating the claims and increased litigation costs to defendants, who had to expend resources preparing for the depositions at which Ampudia did not testify. *See LeSane*, 239 F.3d at 210 (considering whether "delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) [defendants'] likelihood of success on the merits"). Second, unlike silent and unobtrusive failures to prosecute in which the plaintiff simply does not file the requisite papers, Ampudia's conduct, including hanging up on opposing counsel and becoming irate and storming out of the second deposition, was vexatious and burdensome to the district court tasked with managing his case. *See id.* (noting that "vexatious and burdensome" failures to prosecute are more likely to cause court congestion than "silent and unobtrusive" failures to prosecute). Third, even though the district court did not explicitly contemplate whether any lesser sanction would be efficacious, we agree that dismissal was an appropriate sanction in light of the fact that Ampudia had already ignored a previous court order to appear for the deposition on July 20.

We have reviewed Ampudia's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk