**Barry LeSANE, Plaintiff–Appellant,**

v.

**HALL'S SECURITY ANALYST, INC., Defendant–Appellee.**

No. 99–9421.

United States Court of Appeals, Second Circuit.

Argued: Nov. 22, 2000.

Decided: Jan. 4, 2001.

Charles D. Cole, Jr., Newman Fitch Altheim Myers, P.C., New York, NY, for Appellant.

Kenneth T. Wasserman, New York City (Jacques Catafago, The Catafago Law Firm, New York City, on the brief), for Appellee.

Before CALABRESI and PARKER, Circuit Judges, and TRAGER, District Judge.[1]

CALABRESI, Circuit Judge:

I. BACKGROUND

On June 12, 1997, Barry LeSane ("plaintiff") brought suit against his former employer Hall's Security Analyst, Inc. ("defendant") in the United States District Court for the Southern District of New York. Plaintiff alleged that he had been employed by defendant as a security guard and that defendant had transferred him to less desirable and lower-paying assignments and eventually terminated his employment on the grounds of his race and religion, in violation of Title VII of the Civil Rights Act of 1964, as codified and amended at 42 U.S.C. § 2000e *et seq.*

Defendant answered the complaint on September 12, 1997, and discovery began shortly thereafter. On November 17, 1997, plaintiff's attorney requested permission to withdraw from representing plaintiff, and on November 20, 1997, the district court (Wood, *J.*) granted the request. Thereaf-

---

**1.** The Honorable David G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.

ter, plaintiff proceeded *pro se,* and the case progressed in a desultory fashion until March 25, 1999, when the district court instructed plaintiff to file a status report by April 11, 1999 and warned plaintiff that if he did not do so, the court would dismiss the case for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b).

Both parties submitted status reports, and on May 27, 1999, in answer to further prodding from the district court, defendant moved for summary judgment. As required by Local Rule 56.1 of the United States District Court for the Southern District of New York, the motion included a statement recounting the material facts as to which defendant contended there were no genuine disputes. Plaintiff did not respond, and on July 12, 1999, the district court issued an order instructing plaintiff to serve and file a response to defendant's Rule 56.1 statement within ten business days and warning that "if the Court receives no submission from plaintiff by August 3, 1999, the Court will dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." Plaintiff made no reply of any sort, and on September 13, 1999, the district court dismissed plaintiff's case with prejudice. On September 20, 1999, plaintiff filed a timely notice of appeal.

## II. DISCUSSION

■ Although the text of Fed. R.Civ.P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute, *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Furthermore, we review district court decisions to dismiss a case under this rule for abuse of discretion only, *Romandette v. Weetabix Co.,* 807 F.2d 309, 312 (2d Cir.1986).

■ At the same time a Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme situations." *Theil-*

*mann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam). And *pro se* plaintiffs should be granted special leniency regarding procedural matters. *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996). Finally, "this court has repeatedly detailed factors ... to be considered before dismissal for failure to comply with a court order," and these factors significantly cabin a district court's discretion under Rule 41(b), so that "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted).

■ We begin our consideration of plaintiff's appeal by noting that the record contains no indication that the district court considered any of these factors in reaching its decision to dismiss plaintiff's case for failure to prosecute. "While we do not now require the court to discuss the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning. Furthermore, notions of simple fairness suggest that a *pro se* litigant should receive an explanation before his or her suit is thrown out of court." *Lucas,* 84 F.3d at 535. This said, we perform the analysis the district court did not expressly make. In doing so, we place, given the circumstances of this case, par-

ticular emphasis on the fifth and final factor.

First, although plaintiff's prosecution of his case had been less than ideally efficient for over a year, his actual non-compliance with the district court's order—the failing that caused the district court to dismiss his case—was barely a month old. Especially when a *pro se* plaintiff who likely lacks the professional and institutional support of a paid advocate is involved, such tardiness does not much weigh in favor of the dismissal with prejudice.

Second, although the district court did issue an order stating that if it "receive[d] no submission from plaintiff by August 3, 1999, the Court [would] dismiss this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute," and although we have remarked that "it is difficult to imagine" how a dismissal following an unheeded warning could be an abuse of discretion, we do not find, in light of the other features of this case, that the presence of the warning requires that we affirm. Quite apart from the fact that none of the five factors is separately dispositive, *Nita v. Connecticut Dept. of Envtl. Protection,* 16 F.3d 482, 485 (2d Cir.1994), we note that the warning the district court issued was brief and technical, compassing little more than the quoted phrase. We note also that this feature makes the warning stand in stark contrast to the descriptions the district court issued to plaintiff, in the same order, to indicate the appropriate nature and content of the Rule 56 .1 statement he had been instructed to file. These were full and used ordinary language and commonplace examples to explain what was needed. In addition, we express some doubt as to whether plaintiff was under an absolute obligation to file a Rule 56.1 statement at all, or whether his obligations in this regard were limited by the rule that failure to file such a statement simply leads all assertions in

defendant's Rule 56.1 statement to be deemed admitted. *See Gubitosi v. Kapica,* 154 F.3d 30, 31 n. 1 (2d Cir.1998) (per curiam).

Third, we note that although "prejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982), there is no evidence in the record that plaintiff's delay in filing his response caused any particular, or specially burdensome, prejudice to defendants beyond the delay itself. There are, for example, no indications that the delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits.[2] Although the third factor, like the second factor, does lean in the direction of dismissal, it does so only slightly.

Fourth, plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings. And, as we have said, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535–36. No evidence of this sort is present here.

 Fifth, and in the present context most importantly, there is no indication that the district court considered imposing the lesser, and much more tailored, sanction of deeming the assertions in defendant's rule 56.1 statement as admitted by plaintiff and then ruling on the merits of defendant's summary judgment motion without further delay. We recognize that some other district courts facing similar situations have also dismissed plaintiffs' cases under rule 41(b) rather than proceeding to summary judgment, *see, e.g.,*

---

**2.** In this regard, the availability of the usual sanction applied for failure to answer under Rule 56.1 (discussed *infra*) reduces further both the amount of delay and its possible prejudice.

*Gittens v. Garlocks Sealing Technologies,* 19 F.Supp.2d 104 (W.D.N.Y.1998); *Lediju v. New York City Dep't of Sanitation,* 173 F.R.D. 105 (S.D.N.Y.1997); *Stoute v. Rockefeller Found.,* No. 93 Civ. 2628(SAS), 1995 WL 708690 (S.D.N.Y.). But we note that the failures to prosecute in these cases were more egregious than in the case at bar (they involved delays of many months, in spite of repeated warnings) and that, at least in the first two cases, the courts, while granting the defendants' motions, also proceeded in the alternative and reached the merits of the requests for summary judgment.[3] In any event, we wish to make clear that in cases such as these, resolutions on summary judgment (with defendant's Rule 56.1 statements deemed admitted by plaintiff) are generally to be preferred to dismissals under Rule 41(b).

The balance of the factors that this court has expressly stated must govern Rule 41(b) dismissals clearly indicates that plaintiff's case should not have been dismissed. Accordingly, we VACATE the dismissal and REMAND the case to the district court for further proceedings consistent with this opinion.

**3.** Since we can affirm a district court on any grounds that support the result it reaches, *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.,* 936 F.2d 759, 761 (2d Cir.1991), we would, were we permitted to do so, examine plaintiff's case, treating all of defendant's Rule 56.1 assertions as true, and consider whether, given those facts, summary judgment would lie. There is, however, no evidence that plaintiff was informed that failing to respond to defendant's summary judgment motion would result in acceptance of defendant's Rule 56.1 allegations as true. Because plaintiff must be so notified before the district court proceeds to summary judgment, *see Sawyer v. American Fed'n of Gov't Employees,* 180 F.3d 31, 34 (2d Cir.1999); Rule 56.2 of the Local Rules for the United States District Court for the Southern District of New York, this course of action is not open to us.