**Ira Lee JACKSON, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, et al., Defendants–Appellees.**

Docket No. 01–0120.

United States Court of Appeals, Second Circuit.

Feb. 22, 2002.

Ira Lee Jackson, Auburn, NY, pro se.

Present VAN GRAAFEILAND, KATZMANN, Circuit Judges, and KORMAN,[1] Chief District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED.**

Ira Lee Jackson, *pro se* and *in forma pauperis*, appeals from the judgment of the district court dismissing his complaint.

In September 2000, Jackson filed a complaint in the district court against Glenn S. Goord, Commissioner of State Correctional Facilities, and New York State Governor George Pataki, alleging that his "civil right to have adequate rehabilitation Program, to free [sic] from assault, libel and slanderous remarks; to be free from unsafe environmental safety hazard; discrimination; negligence; deprevation [sic] and deprive rights; punitive." The district court issued an order on October 25, 2000, directing Jackson to file an amended complaint that complied with Fed.R.Civ.P. 8 within 30 days of receipt of the order. The district court reasoned that Jackson's complaint did not state (a) specific allegations of injury, (b) a date on which he was injured for statute of limitations purposes,

---

1. The Honorable Edward R. Korman, Chief Judge of the Eastern District of New York, sitting by designation.

and (c) how the named defendants were personally responsible for his injuries. The district court then instructed Jackson to file an amended complaint that would supersede the complaint in its entirety, with numbered paragraphs, containing one allegation of misconduct per paragraph, and a clear statement of how the named defendants were responsible for his injuries.

Jackson filed a "deposition" on December 8, 2000, which, amongst many allegations against medical staff and federal employees, including then President William J. Clinton, apparently alleged that he failed to receive adequate medical treatment which in turn caused him to discharge blood in his urine. However, the district court did not accept this filing as an amended complaint, but endorsed the motion, extending Jackson's time to file an amended complaint to January 19, 2001.

On March 1, 2001, the district court entered judgment against Jackson for failure to comply with the court's order to file an amended complaint. Jackson timely filed a notice of appeal.

On appeal, Jackson now includes many specific factual allegations that were not raised below. However, Jackson still does not state how the named defendants were responsible for his injuries, and does not make any argument against the district court's actions (i.e., why he was delayed in filing an amended complaint).

### Discussion

This Court reviews a district court's decision to dismiss for failure to comply with a court order for abuse of discretion. *See LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir.2001).

Although a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," especially with a *pro se* litigant, who "should be granted special leniency regarding procedural matters," *see LeSane*, 239 F.3d 206, the district court did not abuse its discretion in dismissing Jackson's complaint. When considering a *sua sponte* dismissal under Rule 41(b), the district court must look to: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See id.*

Jackson did not comply with the district court's order for five months, and he now offers no explanation for his delay. Jackson did receive notice of the possibility of dismissal, as the district court's order made it clear with bold-face print. Since Jackson did have notice of the possibility of dismissal, and delayed for five months, the district court appeared to have struck an appropriate balance between the interest of clearing the docket and Jackson's right to due process. Finally, rather than dismissing the complaint as facially insufficient, the district judge allowed Jackson five months to cure the errors or fill the necessary gaps in his complaint. Thus, the district court did adequately assess the efficacy of lesser sanctions. Therefore, the district court properly dismissed Jackson's complaint.

For the above stated reasons, the decision of the district court is hereby **AFFIRMED.**