Joseph **SPADARO**, Plaintiff–Appellant,

v.

John J. **ARMSTRONG**, James Huckabey, James Dzurenda, Maria Houser, Robert Suerken and Arthur Deslauriers, Defendants–Appellees.

Docket No. 01–9362.

United States Court of Appeals, Second Circuit.

Sept. 13, 2002.

John R. Williams, New Haven, CT, for Appellant.

Terrence M. O'Neill, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT, for Appellees.

Present CALABRESI, B.D. PARKER, Circuit Judges, and COTE, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the decision of the district court is VACATED and REMANDED to the district court for further proceedings. Appellees' motion is DENIED.

Plaintiff–Appellant Joseph Spadaro ("Spadaro") appeals from the *sua sponte* dismissal of his lawsuit by the Hon. Warren W. Eginton, U.S. District Judge, for failure to prosecute. The lawsuit, filed in the U.S. District Court for the District of Connecticut on February 24, 1999, claimed that Spadaro had been wrongfully fired from his job with the Connecticut Department of Corrections.

Although the record on appeal is sparse, that record, along with materials submitted in connection with a motion to enlarge the record and the argument on appeal by counsel, reveals a disturbing failure by plaintiff and his counsel to participate in the litigation. Discovery was due to conclude on August 26, 1999, and was extended to June 1, 2000. Nonetheless, by the time of the order of dismissal on October 12, 2001, no progress had been made with the exception of the plaintiff responding to the defendants' document requests and interrogatories. Although the district court specifically ordered the plaintiff, on April 12, 2001, to submit to a deposition, and the defendants attempted to take his deposition on three separate dates thereafter, the plaintiff never submitted to a deposition. Altogether, the district court held six conferences and the defendants served eight separate notices to take the plaintiff's deposition. During the almost three year period that the lawsuit was pending, plaintiff never served any discovery demands or noticed any depositions.

The motion to enlarge the record includes a request that this court receive the eight notices of deposition even though it does not appear that those documents were ever presented to the district court. We need not, however, decide the question of whether we either have the power to or should expand the record in circumstances such as these. Because there is insufficient evidence that the district court considered each of the factors that the law of this circuit requires a court to consider before dismissal for failure to prosecute, we must remand the case for further proceedings. Those factors are (1) the duration of the plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) the efficacy of lesser sanctions. *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir.2001). *See also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d. Cir.2001); *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir.1999); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988). While that consideration need not be explicit, the court of appeals must be confident that it has taken place. *See LeSane*, 239 F.3d at 209–11.

---

* The Honorable Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

The record does not give us that confidence here. In determining on remand whether the case should proceed or be dismissed, the district court may develop the record as it deems appropriate and make any findings that are supported by that record.

Accordingly, we VACATE the district court's order dismissing the action and REMAND the matter to the district court for reconsideration in light of this opinion. The motion to add to the record is DENIED as moot.