Frank A. PERRELLI, Plaintiff–
Appellant,

v.

AUTOTOTE, INC., Citizens Bank, and
American Ambulance Service,
Inc., Defendants,

**Yale New Haven Hospital,**
**Defendant–Appellee.**

No. 02–7522.

United States Court of Appeals,
Second Circuit.

Jan. 23, 2003.

Frank A. Perrelli, East Haven, CT, for Plaintiff–Appellant, pro se.

Bruce Matzkin, Delaney, Zemetis, Donahue, Durham & Noonan, Guilford, CT, for Defendant–Appellee.

PRESENT: PARKER, STRAUB, and ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order of the district court is AFFIRMED.

Plaintiff-appellant Frank A. Perrelli appeals from a Judgment entered April 11, 2002 in the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge* ) dismissing his complaint for failure to prosecute and failure to comply with an order of the court, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

We review for abuse of discretion the district court's dismissal of a complaint for failure to prosecute and for non-compliance with a court order. *See Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir. 2002) (re: dismissal for non-compliance with Fed.R.Civ.P. 4(m)); *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (re: dismissal pursuant to Fed. R.Civ.P. 41(b) for failure to prosecute and for non-compliance with court order). Our review of the record reveals that Appellant woefully failed to comply with Rule 4(m)'s 120–day service requirement. Appellant also failed to comply with the district court's order, issued eight months after Appellant filed his complaint, requiring Appellant to report the status of service of process within 15 days of the order or risk dismissal. Three months after issuing the order, after receiving no reply from Appellant, the district court dismissed the complaint.

Appellant did not then provide, nor has he since provided, an explanation or other evidence establishing "good cause" for his non-compliance. On the contrary, Appellant's default suggests to this Court, as it likely suggested to the district court, his disinterest in properly prosecuting his claims at this time. We are mindful of the constraints placed on a district court's discretion to dismiss under Rule 41(b). *See LeSane,* 239 F.3d at 209. Nonetheless, we find sufficient grounds warranting dismissal of Appellant's complaint and conclude that the district court did not abuse its

discretion in doing so. Accordingly, the Order of the district court is AFFIRMED.