**H. Patrick BARCLAY, Plaintiff–Appellant,**

v.

**State of NEW YORK, Thomas Ricks, Superintendent, Racette, Captain, Zodiac, Sergeant, T. Hutchins, Correction Counselor, A. La Clair, Correction Officer, Jane Doe, Correction Officer, John Roe, Correction Officer, Dubray, Lieutenant, R. Richard, Correction Officer, Marlow, Sergeant, Ashlaw, Correction Officer, Ghostlaw, Correction Officer, Kissane, Correction Officer, J. Kelly, Steward, John Doe, Correction Officer, John Moe, Correction Officer & M. Smith, Hearing Officer, Defendants–Appellees.**

No. 02–0318.

United States Court of Appeals, Second Circuit.

March 1, 2005.

Patrick Barclay, Malone, NY, for Appellant, pro se.

PRESENT: OAKES, KEARSE, and SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Patrick Barclay appeals from a judgment of the United States District Court for the Northern District of New York dismissing *sua sponte* Barclay's complaint because he had failed to submit copies of it to the court in compliance with the local rules of that court. Barclay, *pro se* and incarcerated, had filed a 42 U.S.C. § 1983 complaint against the State of New York, Superintendent Thomas Ricks, Director Donald Selsky, and multiple other correctional and hearing officers, alleging the violation of various constitutional rights.

This Court reviews a district court's dismissal of a complaint pursuant to Fed. R.Civ.P. 41(b) for abuse of discretion. *See LeSane v. Hall's Security Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001). When considering a dismissal under Rule 41(b), the district court should look to:

> ▉ the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (internal quotation marks and some alterations omitted).

Rule 41(b) dismissal is a " 'harsh remedy to be utilized only in extreme situations,' " *id.* (quoting *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), especially with respect to a *pro se* litigant who "should be granted special leniency regarding procedural matters," *id.* Thus, "although we review Rule 41(b) dismissals for an abuse of discretion, deference is due to the district court's

decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998) (internal quotation marks and citations omitted).

In this case, we conclude that the circumstances were not "sufficiently extreme" to warrant dismissal. The district court clerk's office notified Barclay in a letter dated July 31, 2002, that failure to provide the court with sixteen copies of his amended complaint could result in the dismissal of his action pursuant to Local Rule 41.2. Nowhere in the letter was a deadline imposed. In response, on August 23, 2002, Barclay, who had been granted leave to proceed *in forma pauperis,* submitted a letter informing the court of his inability to produce the copies because of his indigent status, and requesting that the court provide the copies for him.

Although Barclay submitted his letter in a timely fashion, his request was denied and the district court issued a judgment dismissing his case without any further notice, and without responding to the issues raised in Barclay's letter. In addition, there is no evidence that Barclay was served with a copy of the court's order denying his request for copies.

Considering the factors relevant to dismissal under Rule 41(b), we conclude that (1) Barclay filed a timely response to the Clerk's Office's July 31, 2002, letter; (2) the July 31, 2002, letter did not provide proper notice inasmuch as it failed to provide a deadline for Barclay to submit copies of his amended complaint; (3) there is no apparent prejudice to the defendants were the case to be reopened; (4) the district court's action is in tension with this Court's policy concerning dealings with *pro se* litigants on procedural matters; and (5) the district court does not appear to have adequately assessed the efficacy of lesser sanctions. We therefore conclude that the court's dismissal of Barclay's complaint was an abuse of discretion.

For the reasons set forth above, the judgment of the district court is hereby VACATED and the action is REMANDED. On remand, the district court should construe Barclay's August 23, 2002, submission as a motion requesting relief from the court's July 31, 2002, order.