Debra **HEVNER**, Plaintiff–Appellant,

v.

**VILLAGE EAST TOWERS, INC.**, Barbara McLoughlin, David Baron, Defendants–Appellants.

No. 07–5608–cv.

United States Court of Appeals, Second Circuit.

Sept. 18, 2008.

Debra Hevner, Pro se, for Appellant.

Damian A. Lougher, Wignet, Spadafora & Schwartzberg, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges, and EDWARD R. KORMAN, District Judge.[1]

### SUMMARY ORDER

Plaintiff Debra Hevner, who appears *pro se*, appeals an October 23, 2006 order of the District Court (the "Order") dismissing with prejudice plaintiff's lawsuit for failure to prosecute—specifically, for failure to comply with two previous orders that all discovery was to be completed by June 8 and, later, by October 9, 2007. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, plaintiff contends that her failure to comply with the District Court's discovery orders was not a result of bad faith or an intent to unduly delay discovery. Instead, plaintiff offers the following reasons for her inability to comply: (1) plaintiff was conducting litigation on two fronts—in the District Court and in New York City Housing Court—against the same defendants in 2006 and 2007; (2) plaintiff, who dismissed her attorney in March 2007 for unstated reasons and whose sole source of income is her monthly Social Security disability check, was unable to afford private counsel and unsuccessful in her attempts to find *pro bono* counsel; and (3) plaintiff's disability, which concerns her mental health, rendered her unable to comply with the District Court's discovery schedule without help.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action "[i]f the plaintiff fails to . . . comply with . . . a court order." Fed. R.Civ.P. 41(b). We review a district court's decision to dismiss an action for failure to prosecute under Rule 41(b) for abuse of discretion. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001). Although "abuse of discretion" ordinarily suggests great deference to a district court, we have previously held that, when dealing with *pro se* litigants, "dismissal is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996) ("[D]istrict courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant."). In light of a *pro se* litigant's presumed unfamiliarity with legal procedure, we have previously set forth five

1. The Hon. Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

factors for a district court to consider before dismissing for failure to prosecute: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994) (internal quotation marks and alterations omitted). *See also Lucas*, 84 F.3d at 535 (noting that no single factor is dispositive). Although a district court is not required to discuss these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Id.*

In this case, the District Court only addressed the first factor in its Order—the duration of plaintiff's failure to prosecute. The Court found that plaintiff "failed to respond to defendants' numerous discovery and deposition requests," despite two Court-approved extensions. (October 23, 2006 Order.) Plaintiff's delay, as noted by the District Court, lasted approximately seven months. Although we have previously held that six months of "complete intransigence" and a "total failure to comply" with discovery procedures warranted dismissal under Rule 41(b), *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir.1980), the record in this case does not support a similar conclusion. *See also id.* (noting that this Court conducted an "independent examination of the record"). Plaintiff alleges, without dispute, that she was simultaneously engaged in two lawsuits in different courts against the same

defendants and that, during the seven months of extended discovery time, she actively searched for new counsel. It is also undisputed that plaintiff's disability, which was known to defendants before discovery began, impairs her performance in many tasks that others find routine. In these circumstances, we cannot conclude that plaintiff was simply idle during these seven months.

The record is silent regarding the second factor—notice that further delay would result in dismissal. Although defendants allege that the District Court warned plaintiff about dismissal during a July 9, 2007 conference, there is no other support for this allegation in the record. The July 9 conference is not even mentioned in the docket. Therefore, we are unable to assess what, if any, warning the District Court gave plaintiff.

The third factor—prejudice to defendant from further delay—is certainly present but is not significant. Much of the required discovery had already occurred months before the District Court dismissed the case. According to defendants, the parties have already produced "all documents . . . and [exchanged] interrogatories." (February 8, 2007 Letter of Matthew Tracy, attorney for defendants.) As of the District Court's Order, the only outstanding discovery item was a deposition of plaintiff. In addition, defendants alerted the District Court that they were prepared to file a motion for summary judgment on November 9, 2007—a mere two weeks after the District Court dismissed the action—and that they would include plaintiff's failure to sit for a deposition as a reason to grant judgment in favor of defendants. (*See* October 9, 2007 Letter of Matthew Tracy.) Thus, any prejudice to defendants from the lack of a deposition was unlikely to be significant.

We are unable to assess the fourth factor, which balances the need for judicial economy against a party's right to due process, given the lack of information before us regarding the District Court's docket. Although we are generally aware that the federal district courts shoulder heavy caseloads, we cannot conclude that this case made much of a difference in the Court's docket.

Fifth and finally, we believe that less severe remedies were available to the District Court, even though the Court did not note its consideration of "lesser sanctions" on the record, *Jackson*, 22 F.3d at 74. The District Court could have allowed the matter to progress to summary judgment with the understanding that plaintiff's failure to sit for her deposition would be a factor in deciding the summary judgment motion. Another remedy could have been to appoint *pro bono* counsel, if only for the limited purpose of representing plaintiff at her deposition so that discovery would be completed prior to summary judgment. We note that plaintiff's request for appointment of *pro bono* counsel, docketed on March 1, 2007, appears never to have been resolved by the District Court. The District Court could also have held a hearing in order to establish on the record the reasons for plaintiff's delay and more effectively tailor whatever sanction the Court chose to impose, if any.

We do not doubt the good faith, efficiency, fairness, and impartiality of the District Court. However, in light of the factors set forth in *Jackson*, 22 F.3d at 74, and in an abundance of caution, we vacate the District Court's judgment and remand this action to permit the District Court to reconsider its Order.

For the foregoing reasons, we **VACATE** the October 23 Order of the District Court dismissing plaintiff's claim with prejudice and **REMAND** for further proceedings consistent with this opinion.