SUMMARY ORDER

Plaintiff-Appellant Theodore Murray, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Chin, J.), dismissing his complaint against DefendantsAppellees for failure to prosecute. We assume the parties’ familiarity with the facts and procedural history.
We review a district court’s sua sponte dismissal of a complaint for failure to prosecute for abuse of discretion. See LeSane v. Hall’s Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir.2001). We “have long recognized that dismissal is a harsh remedy, not to be utilized without a careful weighing of its appropriateness.” Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir.1996); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir.1980). Moreover, district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant. See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996).
Rule 41 dismissal involves consideration of five factors: (1) the duration of plaintiffs failure to comply with court orders; (2) notice to plaintiff that failure to comply would result in dismissal; (3) possible prejudice to defendants; (4) the balance between the interest of managing the court’s docket and the plaintiffs right to be heard; and (5) consideration of lesser sanctions. See Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir.1999). None of these factors is dispositive, and the Court reviews the dismissal in light of the record as a whole. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir.2004). The district court is not required to discuss each factor, although “a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court’s reasoning.” Shannon, 186 F.3d at 194 (internal quotation marks omitted); see also Martens v. Thomann, 273 F.3d 159,180 (2d Cir.2001).
While the district court’s explicit consideration of the Shannon factors would assist us in determining the propriety of the dismissal, the failure to consider the factors was not error. See Shannon, 186 F.3d at 194. Moreover, a review of the record and the balancing of Shannon factors indicates that the district court did not abuse its discretion in dismissing Appellant’s complaint.
To the extent Murray argues that he was entitled to default judgment, the argument is without merit. A court may extend, for good cause, the time for filing either by motion of a party or on its own authority. Fed.R.Civ.P. 6(b). The district court gave Appellees extensions to file their answer in light of Appellant’s failure to execute the releases necessary for Appellees to investigate and respond to Murray’s allegations. Thus, the April 2007 answer was timely filed, and Murray was not entitled to default judgment.
Murray also asserts that the district court improperly allowed the “interference” of Rachel Seligman and Michael Chestnov, whom he claims were third parties unrelated to the underlying case. Both Seligman and Chestnov identified themselves as Assistant Corporation Counsel and were entitled to represent Appellees, who were employees of the City of *670 New York. See New York City Charter §§ 391, 392, 394.
We have reviewed appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.