**PLATINUM FUNDING CORP.,**
**Plaintiff–Counter–Defendant–**
**Appellant,**

**v.**

**BOSSELLI STUDIO LTD., Bosselli International LLC., Cachell Fashions, Cartori Ltd., doing business as Carducci, Moda Ray, Multimoda Ltd., Reflection Fashions Ltd., Tobaldi Ltd., Vincent D'Eletto, David Cachell, Dadush Maurice, Frank Adhami, Ken**

Booras, Ray Fauci, Francisco Atteritano, Morris Tobal, Jon Does 1–4, Defendants–Cross–Defendants–Appellees,

San Tropez Men's Wear, Inc., doing business as Esquire Clothing, Inc., Exposurewear Inc., Defendants–Cross–Defendants–Counter–Claimants–Appellees.

No. 08–3130–cv.

United States Court of Appeals, Second Circuit.

June 30, 2009.

Cory Mitchell Gray, Greenberg Traurig, LLP, Florham Park, NJ, for Plaintiff–Counter–Defendant–Appellant.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff Platinum Funding Corp. ("Platinum") appeals from an order of the district court (Buchwald, *J.*), entered May 23, 2008, *sua sponte* dismissing its complaint for failure to prosecute. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Under Fed.R.Civ.P. 41(b), a district court may dismiss a complaint for failure to prosecute. We review a court's *sua sponte* dismissal of a complaint for failure to prosecute for abuse of discretion. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001). In doing so, we recognize that "dismissal [for failure to prosecute] is a harsh remedy, not to be utilized without a careful weighing of its appropriateness." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir.1996). The following factors inform our analysis:

1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the

defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal. *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 63 (2d Cir.2000). Although we do not require a court to discuss these five factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Id.* (internal quotation marks omitted).

Here, the district court did not discuss the *Baffa* factors in its May 23, 2008 order dismissing the case. Although an explicit discussion of the *Baffa* factors is not required, our review of this case is further hampered by the fact that, although the district court's May 23 order describes various orders that were disobeyed or ignored by Platinum, there are no orders *in the record* that Platinum ever violated or disobeyed. Instead, it appears that all of the orders referenced in the district court's May 23 order were issued orally, during in-person or telephonic conferences that were conducted off the record and were not transcribed. Without the benefit of the district court's discussion of the relevant factors, or the orders that Platinum disobeyed, we cannot evaluate whether the district court abused its discretion when it dismissed Platinum's complaint for failure to prosecute.

Because we are unable to assess, on the record before us, whether the district court abused its discretion in dismissing plaintiff's complaint for failure to prosecute, we **REMAND** the case to the district court, pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), for clarification of its decision and for additional findings of fact or conclusions of law as necessary. The mandate shall issue forthwith. The parties are to inform the Clerk of the Court by letter within twenty-one days of when the district court has issued its clarification. Following such notification, jurisdiction of this appeal automatically will be restored to this Court without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume its consideration of this case.