08-3130-cv
Platinum Funding Corp. v. Bosselli Studio Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE
PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A
DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER
MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of
March, two thousand ten.

Present:
    ROGER J. MINER,
    ROBERT A. KATZMANN,
    REENA RAGGI,
        *Circuit Judges.*

───────────────────────────────────────────────

PLATINUM FUNDING CORP.,

        *Plaintiff-Counter-Defendant-Appellant*,

            v.                                        No. 08-3130-cv

BOSSELLI STUDIO LTD., BOSSELLI INTERNATIONAL LLC., CACHELL FASHIONS,
CARTORI LTD., doing business as CARDUCCI, MODA RAY, MULTIMODA LTD.,
REFLECTION FASHIONS LTD., TOBALDI LTD., VINCENT D'ELETTO, DAVID
CACHELL, DADUSH MAURICE, FRANK ADHAMI, KEN BOORAS, RAY FAUCI,
FRANCISCO ATTERITANO, MORRIS TOBAL, JOHN DOES 1-4

        *Defendants-Cross-Defendants-Appellees*,

SAN TROPEZ MEN'S WEAR, INC., doing business as ESQUIRE CLOTHING, INC.,
EXPOSUREWEAR INC.,

        *Defendants-Cross-Defendants-Counter-Claimants-Appellees*.

───────────────────────────────────────────────

For Plaintiff-Counter-Defendant-          Cory Mitchell Gray, Greenberg Traurig, LLP,
Appellant:                                Florham Park, NJ

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court entered May 23, 2008, is **AFFIRMED**.

Platinum Funding Corp. ("Platinum") appeals from an order of the district court (Buchwald, *J.*), entered May 23, 2008, *sua sponte* dismissing Platinum's complaint for failure to prosecute. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We previously remanded the case to the district court pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994), for clarification of its decision and for additional findings of fact or conclusions of law as necessary. The district court then issued a Memorandum dated October 13, 2009, *Platinum Funding Corp. v. Bosselli Studio Ltd.*, No. 05 Civ. 7159, 2009 WL 3335352 (S.D.N.Y. Oct. 14, 2009), setting forth its reasons for dismissing Platinum's complaint under Fed. R. Civ. P. 41(b) for failure to prosecute. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Specifically, the district court further explained the procedural history of the case and its application of the factors a court is to consider when determining whether, in its discretion, to dismiss for failure to prosecute:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000).

Having reviewed the district court's Memorandum, we now conclude that the court's *sua sponte* dismissal of Platinum's complaint for failure to prosecute was not an abuse of discretion. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Over the course of almost three years, despite repeated prompting and several admonitions from the district court, Platinum failed to move forward with discovery or to otherwise proceed to a disposition of the case on the merits. *Platinum*, 2009 WL 3335352, at *1. Indeed, Platinum ultimately informed the court that it was not prepared to go to trial and did not intend to move for summary judgment. *Id.* at *1-2. Under the circumstances, the district court was certainly entitled to conclude that Platinum did not intend to take advantage of its opportunity to be heard and that the court's need to efficiently administer its docket counseled in favor of dismissal.

We have considered Platinum's other arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK