17-1043-cv
*Jefferson v. Webber et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand nineteen.

PRESENT:  GUIDO CALABRESI
                 CHRISTOPHER F. DRONEY,
                       *Circuit Judges*,
                 STEFAN R. UNDERHILL,
                       *Chief District Judge.*[*]

_____

KEVIN L. JEFFERSON,

                 *Plaintiff-Appellant*,


         v.                                        No. 17-1043-cv

EDWARD WEBBER, Commissioner, SERGEANT RENE GARCIA, POLICE OFFICER CHRISTOPHER VERWYS, POLICE OFFICER MIGUEL VIAS, POLICE OFFICER GLEN DALEO, POLICE OFFICER JESSICA VITALE, and COUNTY OF SUFFOLK,

                 *Defendants-Appellees.*

_____

---

[*] Chief Judge Stefan R. Underhill, United States District Court for the District of Connecticut, sitting by designation.

1

FOR APPELLANT: AMANDA RAVICH (Noam Biale *on the brief*), Sher Tremonte LLP, New York, NY

FOR APPELLEES: BRIAN C. MITCHELL, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*; Lindsay, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 23, 2016 order imposing a monetary sanction and the judgment of the district court dismissing the case are **VACATED** and the cause is **REMANDED** for further proceedings.

On October 8, 2013, Plaintiff-Appellant Kevin Jefferson, acting *pro se*, filed this action in the Eastern District of New York against the Suffolk County Police Commissioner, five named and unnamed police officers, and the County of Suffolk, (collectively "the County") alleging a claim under 42 U.S.C. § 1983 arising out of his arrest.[1] At the same time, he also filed a motion for leave to proceed *in forma pauperis*, which was granted.

From its commencement in October 2013, until the initial pretrial conference in April 2015, the case moved slowly. The district court directed the County to identify the unnamed defendants by February 13, 2014. Six days late, on February 19, the County requested an extension of sixty days to respond to the court's order and to answer the complaint. The court granted the motion and ordered the County to serve the response and answer the complaint by April 22, 2014. On May 8, sixteen days late, the County filed the response and answer.

On September 22, 2014, Jefferson filed a motion for a status conference, to which the court did not respond. More than four months later on February 4, 2015, Jefferson renewed his request for a status conference. The court then held the first status conference on April 10, 2015, after which it referred the case to Magistrate Judge Lindsay for discovery. Following the conference, the magistrate judge issued a scheduling order setting the final pretrial conference for January 26, 2016, and ordering the parties to file a proposed joint pretrial order before the conference.[2]

---

[1] Jefferson is a serial litigant, having filed at least nineteen lawsuits in the Eastern District of New York since 1994.

[2] The proposed joint pretrial order was to consist of, among other things, a joint statement as to the claims and defenses to be tried, the proposed number of trial days, a schedule of exhibits to be offered in

Neither party submitted a proposed pretrial order before the January 26 pretrial conference. Jefferson also failed to appear at the conference. The magistrate judge ordered Jefferson to show cause why the case should not be dismissed for lack of prosecution, rescheduled the conference for February 18, and warned Jefferson that another non-appearance could result in dismissal for failure to prosecute.

Jefferson timely responded to the order to show cause, explaining that he failed to appear at the conference because he lost his cellular telephone and, with it, the information in his scheduling application, including the date of the conference. Jefferson appeared for the rescheduled February conference, at which the magistrate judge ordered the parties to submit any dispositive motions by March 21 and a proposed joint pretrial order by April 22.

On March 28, one week after the deadline for doing so, the County served Jefferson with a statement of material facts in support of a proposed motion for summary judgment, pursuant to the individual motion practice rules of the district court.

On April 22, the County filed its portion of the proposed joint pretrial order, but Jefferson failed to file his portion of the order. On April 27, the magistrate judge issued an electronic order stating that it would give Jefferson "one final opportunity" to serve and file his portion of the proposed joint pretrial order by May 13. App'x 4.

On the deadline of May 13, the County prematurely filed a motion requesting that the magistrate judge recommend that the matter be dismissed with prejudice on the ground that Jefferson had not filed his portion of the proposed pretrial order. Later that day, the clerk docketed Jefferson's motion requesting an extension for filing his portion of the proposed pretrial order.

On May 23, the magistrate judge extended the deadline for filing the proposed pretrial order to June 3, but warned that she would recommend dismissal if Jefferson did not meet the deadline. The magistrate judge also denied the County's motion to dismiss but *sua sponte* ordered Jefferson to reimburse the County for its cost of preparing the motion. The magistrate judge later approved the County's request for reimbursement in the amount of $300. Neither the order imposing the sanction nor the order approving the amount of the sanction informed Jefferson of his right to object to the sanction.

On June 3, Jefferson timely filed his portion of the proposed pretrial order with the district court. Jefferson claimed that he did not serve the order by mail that day because he did "not have the necessary funds," but intended to do so the following day on June 4. App'x 77.

---

evidence and expected objections to those exhibits, and a list of witnesses expected to provide testimony and a brief summary of their expected testimony.

The County moved to dismiss the action two additional times because it allegedly never received Jefferson's pretrial order by mail and Jefferson failed to pay the $300 sanction. Jefferson does not dispute that he did not pay the sanction, which he contends he cannot afford, but he claims that he mailed the order on June 4, as he previously stated he would. In any event, the order was available to defense counsel on June 3 through the court's online filing system.

On August 10, the magistrate judge issued a report and recommendation recommending that the case be dismissed with prejudice based on Jefferson's failure to pay the $300 sanction and to timely serve by mail his portion of the proposed pretrial order. Unlike the order imposing the sanction, the report and recommendation informed Jefferson that he had a right to object. Jefferson timely objected to the report and recommendation. He also objected to the imposition of the monetary sanction, although the deadline for objecting to the sanction order had passed. In his objections, Jefferson stated that he was unemployed and that his sole income was a monthly governmental benefit of $183.00.

On February 24, 2017, the district court adopted the report and recommendation in its entirety and dismissed the case. The court also denied Jefferson's request to vacate the $300 sanction because he had failed to timely object to that order.

## I.

On appeal, Jefferson contends that the district court abused its discretion by failing to adequately consider the factors required to dismiss the action. We review a district court's decision to dismiss a case for failure to prosecute for "abuse of discretion in light of the record as a whole." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam). Abuse of discretion review generally "suggests great deference"; however, our cases recognize that dismissal for failure to prosecute is "a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). We review the court's decision also mindful of the fact that "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also Lucas*, 84 F.3d at 535 ("[D]istrict courts should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant.").

In evaluating a motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b), a district court must weigh five factors:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard,

4

and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216 (quoting *Lucas,* 84 F.3d at 535). "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Here, the court extended the deadline for Jefferson to file his portion of the joint pretrial order on three occasions, from January 26 to April 22, then to May 13, then to June 3, upon which date Jefferson filed his portion of the order. The County missed the January deadline and did not submit its portion of the order until April 22. Therefore, the delay in proceedings attributable solely to Jefferson was 42 days, from April 22 to June 3. *See Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (refusing to attribute solely to plaintiff delays in proceedings that were "as much the defendants' fault as they were [the sanctioned plaintiff's]"). In *pro se* cases, this Court has found that similar delays of 39 days, *Lucas*, 84 F.3d at 535, and one month, *LeSane*, 239 F.3d at 210, were insufficient to justify dismissal for failure to prosecute.

We must also consider Jefferson's delay in light of the record as a whole, including the extent to which the County and the district court contributed to delays in the proceedings. *See United States ex rel. Drake*, 375 F.3d at 258 (finding that a seventeen-month delay did not justify dismissal where case was delayed multiple times for reasons not attributable to plaintiff). The County was six days late in requesting an extension to respond to the court's order to identify the unnamed defendants, sixteen days late in filing the response and answer (for which it had received a sixty-day extension), and seven days late in serving its statement of material facts to commence summary judgment proceedings. It also took the district court many months to schedule an initial status conference after Jefferson requested one. Thus, particularly in light of the overall pace of the case, the 42-day delay caused by Jefferson was insufficiently extreme to weigh in favor of the "harsh remedy" of dismissal. *Lucas*, 84 F.3d at 535.

As to the other four factors, the multiple warnings issued by the magistrate judge weigh in favor of dismissal. But that factor is not dispositive, *see LeSane*, 239 F.3d at 210–11, and the remaining factors all weigh against dismissal. The County argues that the passage of time hindered its ability to conduct discovery. However, the County's own noncompliance and requests for extensions undermine its claim of prejudice. In addition, the delay caused by Jefferson does not rise to the level of causing an "extreme effect on court congestion" that would justify the subrogation of his "right to be heard . . . to the convenience of the court." *Lucas*, 84 F.3d at 535–36. Finally, the court did not adequately consider lesser sanctions. The magistrate judge did not consider or impose any non-monetary sanction before dismissing the action, despite the fact that Jefferson was proceeding *in forma pauperis* and is indigent. A party's inability to pay a sanction because of indigency "must weigh heavily against a dismissal for failure to do so." *Selletti v. Carey*, 173 F.3d 104, 112 (2d Cir. 1999).

5

In sum, four out of the five factors weigh considerably against dismissal. Moreover, the record reflects that "this is not a case in which the plaintiff 'deliberately proceeded in dilatory fashion.'" *United States ex rel. Drake*, 375 F.3d at 258 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962)) (alterations omitted). Instead, it reflects a case that was delayed by both sides. Viewing the balance of factors in light of the considerable leeway afforded *pro se* litigants on procedural matters, the district court should not have dismissed the action for failure to prosecute.

II.

Jefferson next contends that the magistrate judge abused her discretion in imposing a $300 sanction after Jefferson requested and received an extension to file his portion of the proposed joint pretrial order. Although Jefferson failed to timely object to that sanction, this Court may excuse the waiver "in the interests of justice." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). The Court's decision to excuse such a waiver is informed by, among other things, "whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error." *Id*.

The magistrate judge plainly erred in imposing the $300 sanction because she did not specify the legal authority under which she acted. *See Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997) ("Because the various sources of the court's authority [to impose sanctions] are governed by differing standards, it is imperative that the court explain its sanctions order 'with care, specificity, and attention to the sources of its power.'") (quoting *MacDraw, Inc. v. CIT Grp. Equipment Fin., Inc.,* 73 F.3d 1253, 1262 (2d Cir. 1996)) (internal citation omitted). Instead, the sanction order stated only that the magistrate judge would not "countenance [Jefferson's] conduct" of waiting until the day the pretrial order was due to request an extension for filing it. App'x 68. The magistrate judge acted *sua sponte* in imposing that sanction, so the issue was not briefed or argued. Due process requires that a litigant "must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges." *Sakon*, 119 F.3d at 114 (quoting *Ted Lapidus, S.A. v. Vann,* 112 F.3d 91, 97 (2d Cir. 1997)).

Moreover, we can discern no legal authority under which the magistrate judge could have imposed the monetary sanction under the circumstances.[3] Jefferson did not violate any rule or court order in filing a motion for extension of the deadline. Rather, the sanction order required him to reimburse the County for preparing a motion that was filed prematurely.

---

[3] Neither does the County point us to any legal authority under which the magistrate judge could have permissibly imposed the monetary sanction. Instead, it argues that the fact that Jefferson is a "self-admitted pan-handler" suggests that he has the means to pay the sanction. Appellee's Br. 19.

6

Accordingly, the imposition of a monetary sanction in the May 23, 2016 order was the result of plain error. We exercise our discretion to excuse Jefferson's waiver of his objections to that order and vacate the sanction.

* * *

We have considered the County's remaining arguments and find them to be without merit. Accordingly, the May 23, 2016 order imposing a monetary sanction and the judgment of the district court dismissing the case are **VACATED** and the cause is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court