11-1564-pr
Messam v. Bellevue Hosp. Ctr.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of July, two thousand twelve.

PRESENT:
> Amalya L. Kearse,
> Rosemary S. Pooler,
> Debra Ann Livingston,
>    *Circuit Judges.*

_____

Ronald Messam,

> *Plaintiff-Appellant,*

> v.                              11-1564-pr

Bellevue Hospital Center, New York City Department of Correction, New York City Police Department, Bonnie Wittner,

> *Defendants,*

New York City Health & Hospital Corp., Cheryl Leak, (Clerical Assistant), Jeremy H. Colley, Robert Morgenthau, New York County District Attorney, David Lauscher, Assistant District Attorney, J.S.C., Linda Curtis, Director of Bellevue Hospital

Center, P O John Doe 1, P O John Doe
2, N.Y.P.D. Officer, John Doe 3,
N.Y.P.D. Officer, John Doe 4,
N.Y.P.D. Officer, John Doe 5,
N.Y.P.D. Officer, John Doe 6,
N.Y.P.D. Officer, Rodzevski, Forensic
Psych. Ward B.H.C., Earlinda
Acampado, Nurse, B.H.C. Psych. Ward,
Fe Bonafe, Nurse, B.H.C. Psych. Ward,
Perez, B.H.C. Psych. Ward, John Doe
9, Orderlie, John Doe 10, Orderlie,
John Doe 11, Orderlie, John Doe 12,
Orderlie, John Doe 13, Orderlie, John
Doe 8, Patient on Psych. Ward at
B.H.C., John Doe 7, N.Y.C. Correction
Captain, Jane Doe 1, N.Y.C.
Correction Officer/B.H.C. Prison
Ward, Jane Doe 2, Nurse, B.H.C.
Psych. Ward, City of New York,
Roberto Casteneda,

*Defendants-Appellees.*[1]

---

| | |
|---|---|
| **FOR APPELLANT:** | Ronald Messam, *pro se*, Dannemora, N.Y. |
| **FOR APPELLEES** (City of New York, New York City Health and Hospital Corporation, Linda Curtis, Krste Rodveski, Earlinda Acampado, Fe Bonafe, Perez, Roberto Casteneda): | Fay Ng (Elana Jacob, law student *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y. |
| **FOR APPELLEES** (Robert M. Morgenthau, David Lauscher): | Susan C. Roque, Assistant District Attorney, *for* Cyrus R. Vance, Jr., District Attorney for New York County, New York, N.Y. |

---

[1] The Clerk of Court is directed to amend the official caption of the case in accordance with the caption shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**.

Ronald Messam, *pro se*, appeals from the district court's dismissal of his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Messam has waived any objections he may have had to the dismissal of his complaint by failing to object to the magistrate judge's report and recommendation, which advised the district court that Messam's complaint should be dismissed. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

While Messam claims on appeal that he never received a copy of the magistrate judge's report and recommendation, federal law only requires that "a copy [of the report] be mailed to all parties," 28 U.S.C. § 636(b)(1)(C), and service by mail of the report, which begins the fourteen-day period within which a party may file objections to the report, *see* 28 U.S.C. § 636(b)(1), is complete upon mailing, *see* Fed. R. Civ. P. 5(b)(2)(C). Moreover, there is no indication that the copy of this report and recommendation was sent to an incorrect address. *Cf. Vaughan v. Erno*, No. 98-3721, 1999 WL 822488, at *1-2 (2d Cir. Sept. 27, 1999) (unpublished decision) (vacating the district court's

3

dismissal of plaintiff's lawsuit and noting that "[t]he Clerk had mistakenly sent the R & R to an incorrect post office box address, instead of the street address as noticed by Vaughan," and that "Vaughan's inability to respond to the R & R was the result of the *court's own failure* to comply with the service requirements of § 636(b)(1)" (emphasis added)).

In the present case, the magistrate judge's report and recommendation, dated January 10, 2011, was mailed to Messam at Sing Sing Correctional Facility in Ossining, N.Y. ("Sing Sing"), the address on record for Messam and the address he had used on his most recent letter to the court, dated December 6, 2010. Messam does not claim on appeal that he, after having sent that letter, dated December 6, 2010, sent the district court a timely notice stating that Sing Sing was no longer his address.

We note that our affirming the dismissal of Messam's complaint does not preclude him from moving, before the district court, for relief pursuant to Federal Rule of Civil Procedure 60(b), requesting that the district court set aside the dismissal of his complaint based on Messam's claim that he never received the magistrate judge's report and recommendation. Indeed, such a motion, pursuant to Rule 60(b), would provide the district court with an opportunity to evaluate Messam's factual claim that he never received the magistrate's report, as well as an opportunity to determine, in the first instance, whether any such failure to

4

receive the report justifies setting aside the dismissal of his complaint.

Accordingly, the judgment of the district court hereby is **AFFIRMED** without prejudice.  Given the circumstances of this case, we deny the request, made by some of the appellees, for costs, and instead order that each side will bear its own costs. *See* Fed. R. App. P. 39(a).

<div style="margin-left: 45%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>