15-642-cv
Horton v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

---------------------------------------------------------------------------

DALE HORTON,

*Plaintiff-Appellant*,

v.                                                                    15-642-cv

CITY OF NEW YORK, NEW YORK CITY CRIMINAL COURT, County of Queens, NEW YORK CITY LAW DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT,

*Defendants-Appellees*,

JOHN DOES 1–8, HARRY NUSSDORF, Criminal Court of the City of New York, DEBORAH WASSEL, Criminal Court of the City of New York, SUZANNE MELENDEZ, Criminal Court of the City of New York, STEPHAINE ZARO, Criminal Court of the City of New York, ELISE KOENDERMAN, Criminal Court of the City of New York,

*Defendants.**

---------------------------------------------------------------------------

* The Clerk of Court is directed to amend the official caption as shown above.

1

FOR APPELLANT:                    Dale Horton, *pro se*, Saint Cloud, Florida.

FOR APPELLEES:                    Mark H. Shawhan, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York, *for New York City Criminal Court*.

Elizabeth S. Natrella, Senior Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York, *for City of New York, New York City Law Department, and New York City Police Department*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*; Lois Bloom, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on February 3, 2015, is AFFIRMED.

Plaintiff Dale Horton, proceeding pro se, appeals from the dismissal of his 42 U.S.C. § 1983 claim alleging that various police officers used excessive force in effecting his arrest.[1] The district court ordered dismissal pursuant to Fed. R. Civ. P. 16(f), 37(b), and 41(b), adopting in full the report and recommendation of Magistrate Judge Bloom detailing Horton's failure to attend ordered pre-trial conferences, comply with discovery

---

[1] Horton also sued certain judicial officers and prosecutors for delaying his prosecution, which claims the district court dismissed sua sponte on the basis of judicial and prosecutorial immunity. Horton does not appeal that ruling and, thus, we do not discuss it further. See, e.g., Oneida Indian Nation of N.Y. v. Madison Cty., 665 F.3d 408, 441 (2d Cir. 2011) (holding forfeited challenge to ruling that was not contested on appeal).

2

orders, and diligently prosecute his case.[2]   A party's failure timely to object to a magistrate judge's report and recommendation generally waives the defaulting party's right to appeal, provided that the party received clear notice of the consequences of the failure to object.   See Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).   Here, the magistrate judge's report and recommendation properly warned that failure to file objections waived the right to appeal and Horton failed to object.   Horton contends that his failure to object should be excused because he never received the report and recommendation.

Federal law requires only that "a copy [of the report] be mailed to all parties."   28 U.S.C. § 636(b)(1)(C).   Service by mail of the report, which begins the fourteen-day period within which a party may file objections to the report, is complete upon mailing. See Fed. R. Civ. P. 5(b)(2)(C).   There is no indication here that the report was sent to an incorrect address, contra Vaughan v. Erno, 198 F.3d 235, 1999 WL 822488 (2d Cir. 1999) (unpublished decision), as the report was sent to the address identified in Horton's complaint and notice of address, and Horton acknowledges receipt of other documents sent to the same address.   At the same time, the docket indicates that certain court communications mailed to this address were returned as undeliverable, including the report and recommendation.   It is a party's burden to provide the court with an address where he

---

[2] Rules 16(f) and 31(b) expressly contemplate the imposition of sanctions sua sponte, see Fed. R. Civ. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders . . . ."), 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders."), and, "[a]lthough the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute," LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

3

can be reached and to notify the court of any change in that address. Because Horton apparently failed to do so and the record reveals no explanation for that failure, we identify no abuse of discretion in the district court's dismissal of Horton's case. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (stating abuse of discretion standard of review).

We note that our decision to affirm the dismissal of Horton's complaint does not preclude him from moving the district court pursuant to Fed. R. Civ. P. 60(b) to set aside its dismissal based on his failure to receive the magistrate judge's report and recommendation. See Messam v. Bellevue Hosp. Ctr., 492 F. App'x 147, 149 (2d Cir. 2012) (summary order). Such a motion would allow the district court, on a fuller record, to evaluate whether Horton's asserted failure to receive the report and recommendation justifies setting aside the dismissal and reinstating his complaint.

Accordingly, we AFFIRM the judgment of the district court without prejudice to the filing of any motion for post-judgment relief in the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4